UNITED STATES COURT OF APPEALS

**March 30, 2017**

TENET CIRCUIT

ROBERT ALAN MADDEN,

     Plaintiff - Appellant,

v.

CALVIN MADDEN; OKLAHOMA
DEPARTMENT OF HUMAN
SERVICES/OKLAHOMA CHILD
SUPPORT SERVICES,

     Defendants - Appellees.

No. 16-6330
(D.C. No. 5:16-CV-00798-R)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **KELLY** and **MATHESON**, Circuit Judges.[**]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**]The Honorable Neil Gorsuch sat previously but did not participate in this order and judgment. The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal. See 28 U.S.C. §46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n.* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); Murray v. Nat'l Broad. Co., 35 F.3d 45, 48 (2d Cir. 1994), cert. denied, 513 U.S. 1082 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge). After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Robert Madden, a state inmate appearing pro se, appeals from the district court's dismissal of his claims made pursuant to Bivens and 42 U.S.C. § 1983. Madden v. Madden, No. CIV-16-798-R, 2016 WL 6407434 (W.D. Okla. Oct. 28, 2016). The district court dismissed the case on initial screening pursuant to 28 U.S.C. § 1915A for lack of jurisdiction over the claim against Calvin Madden, and because the Oklahoma Child Support Services (OCSS), a state entity, is not amenable to suit in federal court. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Mr. Madden brought this action against Calvin, his cousin, and the OCSS. He alleges that he has been paying child support for Curtis Madden for the last 15 years, but that Curtis is actually Calvin's biological son, not his. From Calvin he seeks reimbursement for child support payments, and from the OCSS the money it collected by garnishing his wages and tax refunds.

Mr. Madden's claims under § 1983 and Bivens fail. A § 1983 plaintiff must show that the defendant acted under color of state law; it is both an "essential element," West v. Atkins, 487 U.S. 42, 49 (1988), and a jurisdictional requirement, Polk Cty. v. Dodson, 454 U.S. 312, 315 (1981); Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995). Mr. Madden's § 1983 claim against Calvin was properly dismissed because he does not allege that Calvin has ever acted under color of state law. And Mr. Madden's Bivens claim fails because Calvin is not a

federal official.  See Big Cats of Serenity Springs, Inc. v. Rhodes, 843 F.3d 853, 859 (10th Cir. 2016).

Furthermore, the Eleventh Amendment prohibits suits against state agencies like the OCSS in federal court unless the state has issued a specific waiver of immunity, Congress has abrogated state sovereign immunity, or the doctrine of Ex Parte Young applies.  Frazier v. Simmons, 254 F.3d 1247, 1252–53 (10th Cir. 2001).  None of these exceptions are relevant, so suit against the OCSS cannot proceed in a federal forum.  See Steadfast Ins. Co. v. Agric. Ins. Co., 507 F.3d 1250, 1252 (10th Cir. 2007).

AFFIRMED.  All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge